IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| TROY C. SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF ST. ANN, MISSOURI <br> a Municipal Corporation, <br><br> Serve: Mayor Michael Corcoran <br>  10405 St. Charles Rock Rd. <br>  St. Ann, MO 63074 <br><br> -and- <br><br> MICHAEL LNU, <br><br> Serve: [hold for service] <br><br> Defendants. | No. <br><br> Division |

## PLAINTIFF'S PETITION FOR DAMAGES

Comes now Plaintiff and for his petition against defendants City of St. Ann and Michael LNU states as follows:

1. At all times mentioned herein plaintiff Troy Smith was a citizen and resident of the United States of America and the State of Missouri, County of St. Louis, Missouri.

2. At all times mentioned herein, defendant City of St. Ann was a municipal corporation within the County of St. Louis and State of Missouri.

1 | Page

3. At all times mentioned herein, defendant Michael LNU was a peace officer employed by defendant City of St. Ann, acting within the scope and course of his employment as a City of St. Ann Police Officer.

4. At all times mentioned herein, defendant City of St. Ann was acting under color of law.

5. At all times mentioned herein, defendant Michael LNU was acting under color of law.

6. At all times mentioned herein, defendant City of St. Ann maintained an active police force to act as peace officers in the City of St. Ann.

7. At all times mentioned herein, defendant City of St. Ann operated, provided and maintained a jail wherein it placed incarcerated individuals.

8. At all times mentioned herein, defendant City of St. Ann and its police force would lock up and incarcerate in its jail persons who have outstanding warrants awaiting disposition or trial.

9. On or about August 6, 2008 plaintiff was arrested and held in St. Louis County, in a jail other than the St. Ann Jail, on a warrant issued by the City of St. Ann for a "failure to appear" citation.

10. On or about August 7, 2008 plaintiff was transferred to City of St. Ann jail facility.

11. Plaintiff believes and therefore alleges that he was incarcerated in the City of St. Ann from August 7, 2008 to August 15, 2008, when, on on the 15th, bail was set and plaintiff posted bond.

12. On or about August 8, 2008 plaintiff was severely injured in the City of St. Ann jail cell.

13. Plaintiff's injuries were open and obvious, by discoloration and swelling, and plaintiff brought his injuries to the objective attention of the agents and employees of the City of St. Ann.

14. Plaintiff had a serious medical need for prompt medical attention.

15. Plaintiff's injuries were as follows:

   a. Left elbow – "displaced olecranon fracture"
   b. Right elbow – "nondisplaced olecranon fracture"
   c. Right wrist – sprain / strain
   d. Right shoulder – sprain / strain
   e. Left shoulder – sprain / strain

16. Plaintiff requested medical attention for his injuries.

17. Plaintiff was denied meaningful medical attention.

18. Plaintiff remained incarcerated in defendant City of St. Ann's custody for an additional seven days after he was injured and after the injuries were brought to the attention of St. Ann personnel, agents, and employees, including defendant Michael LNU and the defendants actually knew of plaintiff's medical need and were deliberately indifferent to it.

19. Because plaintiff made it known to so many individuals working for defendant City of St. Ann it became the informed decision of defendant City of St. Ann to deny plaintiff medical care.

20. As it related to plaintiff, defendants were acting under the custom, policy, practice and procedure of the defendant City of St. Ann.

21. The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires police to provide medical care to those in their custody.

22. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment.

23. The actions and indifference of defendants violated the Eighth and Fourteenth Amendment.

24. Plaintiff's injuries remained untreated while he was incarcerated with defendant City of St. Ann causing him prolonged and needless pain and suffering and further caused his injuries to become worse and aggravated, including the necessity of additional medical care and treatment and costs and expenses.

25. Plaintiff seeks damages and compensation for the violation of his civil and constitutional rights pursuant to 42 U.S.C. § 1983.

26. As a direct and proximate result of the aforementioned conduct of defendants plaintiff has been damaged.

27. In addition to his actual damages, plaintiff is entitled to damages for the constitutional violations as herein described and reasonable attorneys fees and costs.

WHEREFORE, plaintiff prays judgment against defendant City of Ann and Michael LNU , jointly and severally, for damages in an amount which will fairly and justly compensate plaintiff, for his attorneys fees and costs, and for whatever other and further relief as to the Court shall seem meet and proper in the premises.

ST. LOUIS LAWYERS GROUP

By /s/
GREGORY G. FENLON #35050
231 S. Bemiston, Suite 910
Clayton, Missouri  63105
(314) 863-4100; fax 863-4340
ggfmoatty@aol.com
Attorney for plaintiff

I certify and attest that the above is a true copy of the original record of the Court in case number ___11JLCC 7287___ as it appears on file in my office.

Issued

_November 21, 2011_



**JOAN M. GILMER**, Circuit Clerk
St. Louis County Circuit Court

By

_____
Deputy Clerk

CCOPR36   Rev. 06/00