UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TROY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV2086 ERW |
| | ) | |
| CITY OF ST. ANN, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on "Defendant's Motion for Summary Judgment" filed by the City of St. Ann, Missouri ("City") [ECF No. 18].

**I.     STATEMENT OF UNDISPUTED OR UNCONTROVERTED FACTS**

Plaintiff Troy Smith ("Plaintiff") filed this action, pursuant to 42 U.S.C. §1983, for an alleged deprivation of his constitutional rights under the Eighth and Fourteenth Amendments resulting from the City's alleged denial of medical care to Plaintiff [ECF No. 3]. The only remaining claim in this action is for municipal liability [ECF No. 9].

The following fact statement is a recitation of undisputed or uncontroverted facts taken from "Defendant's Statement of Uncontroverted Material Facts in Support of Summary Judgment" [ECF No. 19-1], Plaintiff's "Response to Defendant's Motion for Summary Judgment" [ECF No. 24], Defendant's "Reply in Support of Defendant's Motion for Summary Judgment" [ECF No. 25], and the parties' uncontroverted or undisputed supporting exhibits for these pleadings.

Prior to the August 2008 incident alleged to have occurred in this matter, Plaintiff, while in City custody, fell from a bunk bed in the St. Ann jail in January 2008; he received medical

treatment when he reported this fall [ECF Nos. 19-1, 19-6 at 2, 19-7, 24].  Subsequently, Plaintiff was in the custody of the City of St. Ann Police Department between August 8 and 15, 2008.

In 2008, City had in place a written policy, Procedure #821, which provided for the administration of medication, and the medical treatment of inmates and detainees by transfer or release to medical providers; this policy remains in force.  Procedure #821 ("City's Policy") addresses holdover procedures, and states that the policy of the City of St. Ann Police Department is to provide safe and secure temporary holding cells for prisoners, and to maintain its facilities in a safe and sanitary manner [ECF No. 19-3 at 1].  This written policy charges all City of St. Ann Police Department personnel to adhere to its procedures and to be alert to any problems or conditions that could compromise security, safety, or the well-being of detained prisoners [ECF No. 19-3 at 1].  City's Policy states that the routine day-to-day handling and care of prisoners is the responsibility of the police department's corrections officers, provided one is on duty; if a corrections officer is not available, a police officer assigned to these duties is required to follow the same rules and procedures [ECF No. 19-3 at 1].  City's Policy addresses situations where arrestees request medical attention, and it directs City law enforcement officers to transport those prisoners "as soon as possible to a designated medical care provider" [ECF No. 19-3 at 6].  Section 13.2.6 of this written policy directs City of St. Ann corrections officers to:

> Ensure proper medical care by providing prescribed medication, responding to medical emergencies, making necessary notification of medical and police personnel and the documentation of any such incident.

[ECF No. 19-3 at 12].

When asked by interrogatory to "identify and describe in detail all policies, customs, practices and usages" he asserts caused the alleged violation of his constitutional rights, Plaintiff's response is essentially that, because he made his need for medical attention known to

2

so many City personnel members, "it became the informed decision of defendant City of St. Ann to deny plaintiff medical care" [ECF No. 19-5 at 11-14].

Plaintiff says that he bases his belief the St. Ann jail was understaffed and its personnel were untrained, on the fact that he did not receive assistance, and he states that he has no no other reason for this belief [ECF No. 19-6 at 3]. Plaintiff is not familiar with any of City's policies or training plans [ECF No. 19-6 at 4].

## II.     SUMMARY JUDGMENT LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56(c) provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment will not lie if a genuine dispute about a material fact is shown; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In ruling on a motion for summary judgment, the Court may not make credibility determinations, weigh the evidence, or draw inferences from the facts. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

To satisfy his initial responsibility, the movant must inform the court of the basis for his motion and must identify those portions of the record that he believes demonstrate the absence of

3

a genuine issue of material fact. *Id.* at 1042. Once the moving party has discharged the requisite evidentiary burden, the nonmovant must respond by submitting evidentiary materials that set out "specific facts showing that there is a genuine issue for trial." *Id.* (citations omitted). If the nonmovant fails to produce such evidence, summary judgment in favor of the moving party is proper. *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

## III.  DISCUSSION

In its Motion, City claims there exists no genuine issue of material fact on the record before this Court as to facts demonstrating its right to judgment as a matter of law under Fed. R. Civ. P. 56(a) [ECF No. 18]. City contends that, based on the record before this Court, the evidence fails to establish any claim for municipal liability under Section 1983 against City, in that, among other things, there is no evidence that City denied Plaintiff reasonable medical care or acted with deliberate indifference to any such denial of medical care, as a result of any unconstitutional policies or customs of City.

City argues that the record evidence does not support the existence of any unconstitutional policy or custom promulgated or articulated by City. City contends that, rather, the record demonstrates that City implemented written policies expressly "provid[ing], *inter alia*, that detainees requesting medical attention shall be transported to a designated medical provider" [ECF No. 19 at 4]. City further argues that, although it is not its burden to prove the absence of an unconstitutional policy, the existence of its explicit policy contradicting Plaintiff's allegation highlights Plaintiff's failure to carry his burden of proof as to the existence of an unconstitutional policy or custom. City claims that the record presents neither an unconstitutional policy attributable to a municipal policymaker, nor an unconstitutional pattern of conduct, and contends

4

that summary judgment in its favor is thus warranted because Plaintiff cannot prevail on his claims against City.

In his Response, Plaintiff, citing *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978), acknowledges the essence of City's Motion is that, under 42 U.S.C. § 1983, a municipality cannot be held liable on a theory of respondeat superior for the unconstitutional acts of its employees, but incurs liability only when the injury results from the execution of a government's policy or custom [ECF No. 24]. Plaintiff contends there were countless City employees who were aware of his need for medical treatment, claiming that decision makers, including the mayor and the chief of police, were made aware of Plaintiff's condition, but that "no one lifted a finger or raised an eyebrow" [ECF No. 24 at 12]. He states, "the fact that so may people knew of plaintiff's suffering and no one did anything about it is enough, in the present case, to hold the City responsible" [ECF No. 24 at 12]. Plaintiff claims City has not provided any notation or document discussing his injuries, and says this suggests, and raises, the inference that Plaintiff's suffering was not an event City considered noteworthy. He contends inaction or laxness can constitute government custom. The Court, however, is mindful that courts may not draw inferences from the facts presented in ruling on summary judgment motion. *See Torgerson*, 643 F.3d at 1042.

In its Reply, City asserts the record is devoid of evidence that would support municipal liability, and it attacks Plaintiff's Response as procedurally and substantively deficient, claiming that it does not comply with the applicable rules, inadequately cites to admissible evidence, and fails to raise a genuine issue for trial under the law [ECF No 25]. City asserts that all its facts, even those denied by Plaintiff, should be deemed admitted under Local Rule 7-4.01(E) (providing that "[a]ll matters set forth in the statement of the movant shall be deemed admitted

for purposes of summary judgment unless specifically controverted by the opposing party"). City is correct that Plaintiff's denials and factual statements lack the particularity required by Fed. R. Civ. P. 56(c)(1)(A), and refer to inadmissible evidence. Nevertheless, even assuming, for purposes of this discussion, that Plaintiff's statements sufficiently referenced supporting record evidence, Plaintiff's Response fails to set out specific facts showing that there is a genuine issue for trial. *See Togerson.* 643 F.3d at 1042.

A local government cannot be held liable under § 1983 on a respondeat superior theory; that is, a municipality cannot be held liable for injury inflicted solely by its employees or agents on this theory. *Monell*, 436 U.S. at 692-94. Thus, City may be subject to § 1983 liability for failing to act on Plaintiff's complaint that he was denied reasonable medical care, or that City personnel were deliberately indifferent to such a denial, "only if it had a 'policy or custom' of failing to act upon prior complaints of unconstitutional conduct, which caused the constitutional injury at issue." *Andrews v. Fowler*, 98 F.3d 1069, 1074-75 (8th Cir. 1996). City has shown that, at the time of Plaintiff's alleged injury, it had in effect a written policy, which expressly required its employees or agents to ensure detainees such as Plaintiff received medical treatment.

Plaintiff has presented no evidence that City has a policy or custom of denying medical treatment or of displaying deliberate indifference to such a denial. In deposition testimony, Plaintiff stated he based his belief solely on the fact that he did not receive help when he complained of injury, and he admitted that he received medical treatment for an injury he incurred when he was detained in the City of St. Ann jail in January 2008. Thus, Plaintiff's personal experience with the City includes a prior incident where City personnel transported him to a medical care provider when Plaintiff requested medical attention. "To establish a city's liability based on its failure to prevent misconduct by employees, the plaintiff must show that city

6

officials had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action." *Id*. at 1075. The Court concludes that Plaintiff has failed to demonstrate a City policy or custom of failing to act on or investigate prior complaints of denial of medical care by City employees. Plaintiff is without evidence of any prior acts or occurrences in which an inmate, prisoner, or detainee of the City was denied medical treatment, and is without evidence of a prior policy or custom of denying medical treatment or deliberate indifference to such a denial. Plaintiff has no evidence that City has a policy or custom denying reasonable medical care.

IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [ECF No. 18] is **GRANTED**. Plaintiff's Complaint [ECF No. 3] is **DISMISSED with prejudice**.

Dated this   22nd   day of July, 2013.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE